## H. S. Gile Grocery Company et al., Appellees, v. Chicago & Northwestern Railway Company, Appellant.

### Gen. No. 22,766.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN COURTNEY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917. Rehearing denied April 30, 1917.

### Statement of the Case.

Action by H. S. Gile Grocery Company, a corporation, and others, plaintiffs, against the Chicago & Northwestern Railway Company, a corporation, defendant, to recover damages for failure of defendant to deliver a shipment of canned corn in good order. From a judgment for plaintiff for $284.50, defendant appeals.

IRVING HERRIOTT and IRA C. BELDEN, for appellant; WILLIAM G. WHEELER, of counsel.

MAURICE W. SEITZ and DURWARD GRINSTEAD, for appellees.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Abstract of the Decision.

CARRIERS, § 81*—*when failure of carrier to notify consignee of arrival of shipment at port of embarkation constitutes breach of contract.* In an action against a common carrier for failure to deliver a shipment of canned corn in good order, where the shipment was delivered to the defendant as the initial carrier and the car was consigned to a certain party with directions to notify the plaintiff, in care of the steamship company at a certain city, and after arriving at the dock at such city, the car was overlooked and remained on the dock for two months and a half, when notice of its arrival was given to the steamship company, and the cases were then unloaded from the car and remained at the dock for over two weeks, after which the shipment was delivered to a steamer and ultimately reached the consignee, and during all of this time no notice was given to either the consignor or consignee of the delay in shipment, *held* that under the bill of lading the defendant was required to notify the plaintiff upon the arrival of the shipment at the port of embarkation, and that leaving the car at such port without notice to either the consignor or consignee for such period constituted a breach of the contract.